| | |
|---|---|
| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| GUILFORD COUNTY | 06 CvS _____ |

KAREN LOZO THOMPSON,
Administratrix of the Estate of
JOAN FLORENCE DANTRE

      Plaintiff,

vs.

SUNRISE SENIOR LIVING SERVICES,
INC., d/b/a BRIGHTON GARDENS
ASSISTED LIVING HOME

and

SOLOMON SENIOR LIVING
HOLDINGS, LLC, a/k/a SOLOMON
HOLDINGS – 1, THE TRIANGLE, LLC,
d/b/a BRIGHTON GARDENS
ASSISTED LIVING HOME

      Defendants.

**COMPLAINT**
(COMP)

NOW COMES the Plaintiff, Karen Lozo Thompson, Administratrix of the Estate of Joan Florence Dantre, by and through the undersigned counsel, and hereby alleges and says:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is the Administratrix of the Estate of Joan Florence Dantre, having duly qualified and been appointed by the Clerk of Superior Court, Guilford County, North Carolina, in file no. 04-E-7125 to serve in such capacity. A copy of Plaintiff's letters of administration is attached as Exhibit "A" and incorporated by reference as though fully set out herein.

2. Joan Florence Dantre was born on November 29, 1931, and died on June 19, 2004.

3. Joan Florence Dantre was, at all times material to this action and up to the time of her death, a citizen and resident of Guilford County, North Carolina.

4. Upon information and belief, Defendant, Sunrise Senior Living Services, Inc. is a Delaware corporation and was at all times material hereto doing business in North Carolina as Brighton Gardens Assisted Living.

5. Upon information and belief, Defendant, Solomon Holding 1 – The Triangle, LLC, also known as Solomon Senior Living Holdings, LLC, is a Georgia corporation and was at all times material hereto doing business in North Carolina as Brighton Gardens Assisted Living.

## FACTS

6. On or about September 15, 2003, Mrs. Dantre was admitted to Brighton Gardens Assisted Living.

7. Mrs. Dantre was at all times material hereto a resident of Brighton Gardens Assisted Living.

8. At all times material hereto, Defendants operated Brighton Gardens Assisted Living, an assisted living facility in Greensboro, Guilford County, North Carolina.

9. At all times material hereto, Defendants held out and represented to the public at large, and especially to Mrs. Dantre, that they operated Brighton Gardens Assisted Living as an assisted living facility that had the ability to accept and properly care for residents like Mrs. Dantre.

10. At all times material hereto, Defendants held out and represented to the public at large, and especially to Mrs. Dantre, that their staff and employees were properly trained and qualified to care for residents like Mrs. Dantre.

11. At all times material hereto, Defendants, and their employees and staff, knew or should have known of Mrs. Dantre's medical condition.

12. At all times material hereto, the management, employees and staff of Defendants, in the care, maintenance and monitoring of Mrs. Dantre, were, upon information and belief, employees of Defendants and were acting in the course and scope of their employment with the Defendants.

13. Mrs. Dantre suffered from dementia, cirrhosis, diabetes, contractures, renal failure and osteopenia. She became wheelchair-bound. In May and June 2004, she could not get in and out of her wheelchair on her own.

14. As a dementia patient, Mrs. Dantre resided in Defendants' controlled access Alzheimer's unit at Brighton Gardens, known as Reminiscence Neighborhood. As such, she was locked in to the unit, and at all times in the unit, she was subject to the exclusive care and control of Defendants' employees.

15. As a resident of Brighton Gardens, Mrs. Dantre had a progress record kept by employees of Defendants.

16. On May 27, 2004, Mrs. Dantre was examined by Dr. Michael Robson in his office. He specifically examined her legs and made no findings of traumatic injury to either of her legs.

17. Defendants' progress records for Mrs. Dantre document routine entries by Defendant's employees with no indication of any pain or discomfort from on or about May 27, 2004 through and including May 30, 2004.

18. There were no entries in Mrs. Dantre's progress record on May 31, 2004.

19. On or about June 1, 2004, K. Horton, LPN, wrote in Mrs. Dantre's progress record, "Resident continues to complain of pain upon any type of activity." There were no earlier entries about Mrs. Dantre's pain. The entry did not indicate where the pain was located. The June 1 entry further noted that Dr. Robson would see Mrs. Dantre that day.

20. Later on or about June 1, 2004, Mary Rubin, LCM, noted in Mrs. Dantre's progress record, "Resident slept well, New order Tylenol #3 is to given [sic.] for pain PRN." There is no notation whether Mrs. Dantre had been seen by Dr. Robson, or whether the source of Mrs. Dantre's pain was determined.

21. On or about June 2, 2004, N. Hairston wrote in Mrs. Dantre's progress record, "Resident continues to c/o [complain of] pain upon any activity." There is no notation that anyone attempted to locate the source of Mrs. Dantre's pain.

22. The only progress record notation on or about June 3, 2004 states that Mrs. Dantre was seen by home health for bilateral skin breakdown on her buttocks. There is no notation whether her pain continued or had resolved.

23. On or about June 4, 2004, Cassie Adams, LCM, noted in Mrs. Dantre's progress record, "Resident still afraid to be lifted from chair and did not void all day. Will continue to monitor." There was no notation why Mrs. Dantre was afraid to be lifted from her chair, when her fear began, or whether her pain continued or had resolved.

24. On June 5, 2004, Mrs. Dantre's son came to visit her at Brighton Gardens. He noticed that she was unusually subdued, unresponsive, and not her usual self. He noticed that there was abnormal "flattening" on both of her legs in the vicinity of her knees. Mrs. Dantre was not able to explain to him what had happened to her.

25. Mrs. Dantre's son summoned the staff members at Brighton Gardens, who did not explain what had happened to Mrs. Dantre.

26. Mrs. Dantre's son insisted that she be taken to the hospital, and she was taken to Wesley Long Community Hospital by ambulance.

27. At the hospital, x-ray studies on June 5, 2004 revealed that she had severely comminuted fractures of the proximal tibia and fibula in both the right and left legs. Additional x-rays of her right shoulder revealed a fractured dislocation of the distal right clavicle in the region of the acromioclavicular joint.

28. Mrs. Dantre was admitted to Wesley Long Hospital.

29. Mrs. Dantre never recovered from her injuries, and as a result of the injuries, she died on June 19, 2004.

## CLAIMS FOR RELIEF

30. Plaintiff incorporates by reference all foregoing paragraphs of this Complaint.

31. At all times material hereto, Defendants owed Joan Florence Dantre a duty to use reasonable care in supervising Mrs. Dantre, recording Mrs. Dantre's progress, assisting Mrs. Dantre in obtaining necessary medical care, and protecting her from injury.

32. At all times material hereto, Defendants knew or should have known that Mrs. Dantre was physically frail and feeble, mentally feeble and in need of close care, supervision and protection from accident or injury while in their Alzheimer's lock in unit.

33. Defendants, acting by and through their employees, were negligent in the following ways, either collectively or alternatively:

> 1. Defendants failed to use reasonable care in supervising Mrs. Dantre, allowing her to fall or receive blunt trauma and suffer bilateral comminuted fractures of the proximal tibia and fibula and a fractured dislocation of the distal right clavicle;
>
> 2. Defendants knew or should have known when Mrs. Dantre fell and failed to record the event which caused Mrs. Dantre's injuries;
>
> 3. Defendants failed to discover or look for the source of Mrs. Dantre's obvious pain; and
>
> 4. Defendants failed to seek timely medical attention for Mrs. Dantre's injuries.
>
> 5. Defendants failed to report Mrs. Dantre's injuries to her family.

34. As a direct and proximate result of the above-described negligence of Defendants, Joan Florence Dantre suffered severe, painful, and debilitating injuries for which Defendants failed to seek timely medical care, treatment and pain relief, and for the treatment of which she incurred medical expenses.

35. The negligent acts and omissions of the Defendants, through their agents, servants and/or employees, as alleged herein, were the direct and proximate cause of the death of Joan Florence Dantre.

36. Prior to her death, upon information and belief, Mrs. Dantre experienced conscious physical pain and suffering, mental and physical pain and personal injury, and incurred medical expenses for the treatment of her injuries for which Plaintiff is entitled to recover damages.

37. Mrs. Dantre incurred special damages for ambulance, medical and hospital expenses at least in the sum of $25,438.39 and in such greater amount as may be shown at trial.

38. Plaintiff, Karen Lozo Thompson, Administratrix of the Estate of Joan Florence Dantre, is thereby entitled to recover all damages in an amount in excess of $10,000.

## PRAYER FOR RELIEF

WHEREFORE, Karen Lozo Thompson, Administratrix of the Estate of Joan Florence Dantre, deceased, prays unto the Court the following:

1. That Plaintiff, Karen Lozo Thompson, Administratrix of the Estate of Joan Florence Dantre, deceased, have and recover judgment for damages against the Defendants, jointly and severally, in an amount in excess of $10,000;

2. That Plaintiff, Karen Lozo Thompson, Administratrix of the Estate of Joan Florence Dantre, deceased, be granted a trial by jury on all issues so triable;

3. That Plaintiff receive prejudgment interest from Defendants as of the date of filing of this Complaint pursuant to N.C.G.S. § 24-5(b);

4. That Plaintiff recover from the Defendants the costs of this action; and

5. For such other and further relief as the Court deems just and proper.

This the 20th day of March 2006.

_(signature)_
E. Jackson Harrington, Jr.
N.C. Bar No. 5152
Attorney for Plaintiff

_(signature)_
Marylynn S. Jones
N.C. Bar No. 24526
Attorney for Plaintiff

OF COUNSEL:
Booth Harrington & Johns LLP
P. O. Box 3585
Greensboro, NC 27402
Phone: 336-275-9567
Fax: 336-373-8747